| United States Bankruptcy Court<br>Western District of Texas | Voluntary Petition |
|---|---|
| Name of Debtor: **Spectrum Jungle Labs Corporation** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **Jungle Laboratories Corporation** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **26-4038384** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State):<br>**120 Industrial Drive**<br>**Cibolo, TX**<br>ZIP CODE **78108** | Street Address of Joint Debtor (No. & Street, City, State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Guadalupe** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**Six Concourse Parkway, Suite 3300**<br>**Atlanta, GA**<br>ZIP CODE **30328** | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>**N/A** | ZIP CODE |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.) | **Nature of Business**<br>(Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.) |
|---|---|---|
| ☐ Individual (Includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>■ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other<br>_____<br>**Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☐ Chapter 7  ☐ Chapter 15 Petition for<br>☐ Chapter 9  Recognition of a Foreign<br>■ Chapter 11  Main Proceeding<br>☐ Chapter 12  ☐ Chapter 15 Petition for<br>☐ Chapter 13  Recognition of a Foreign<br>      Nonmain Proceeding<br><br>**Nature of Debts**<br>(Check **one** box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ■ Debts are primarily business debts. |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached.<br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>---------------------------------------------------------<br>**Check all applicable boxes:**<br>■ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**
■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors **(consolidated with affiliates)**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets **(consolidated with affiliates)**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to 1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ |

Estimated Liabilities **(consolidated with affiliates)**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to 1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): **Spectrum Jungle Labs Corporation** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: **None** | Case Number: **N/A** | Date Filed: **N/A** |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by Any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor: **See Annex 1** | Case Number: **As Assigned** | Date Filed: **2/3/09** |
| District: **Western District of Texas** | Relationship: **Affiliate** | Judge: **As Assigned** |

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)     (Date)

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D is also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(1)).

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): **Spectrum Jungle Labs Corporation** |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11 United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X */s/ D. J. Baker*<br>Signature of Attorney for Debtor(s)<br><br>William B. Kingman / Texas Bar No. 11476200<br>Law Offices of William B. Kingman, P.C.<br>4040 Broadway, Suite 450<br>San Antonio, TX 78209<br>Telephone: (210) 829-1199; Fax: (210) 821-1114<br><br>Harry A. Perrin / Texas Bar No. 15796800<br>D. Bobbitt Noel, Jr. / Texas Bar No. 15056500<br>Vinson & Elkins LLP<br>First City Tower, 1001 Fannin Street, Suite 2500<br>Houston, Texas 77002<br>Telephone: 713-758-2222; Fax: 713-615-2346<br><br>D. J. Baker / Texas Bar No. 01566500<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Four Times Square<br>New York, NY 10036<br>Telephone: (212) 735-3000; Fax: (212) 735-2000<br><br>Date: February 3, 2009<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br>_____<br><br>X _____<br>_____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X */s/ Anthony L. Genito*<br>Signature of Authorized Individual<br><br>Anthony L. Genito<br>Printed Name of Authorized Individual<br><br>Vice President<br>Title of Authorized Individual<br><br>February 3, 2009<br>Date | |

## ANNEX 1: AFFILIATED DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their petitions, these entities filed a motion requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

Spectrum Jungle Labs Corporation
Spectrum Brands, Inc.
ROVCAL, Inc.
ROV Holding, Inc.
Tetra Holding (US), Inc.
United Industries Corporation
Schultz Company
Spectrum Neptune US Holdco Corporation
United Pet Group, Inc.
DB Online, LLC
Aquaria, Inc.
Perfecto Manufacturing, Inc.
Aquarium Systems, Inc.
Southern California Foam, Inc.

# ACTION BY WRITTEN CONSENT

# OF

# THE BOARD OF DIRECTORS

# OF

# SPECTRUM JUNGLE LABS CORPORATION

## February 2, 2009

The undersigned, being all of the members of the Board of Directors of SPECTRUM JUNGLE LABS CORPORATION, a Texas corporation (the "Company"), in accordance with the laws of the State of Texas, hereby consent to the following actions, which shall be treated for all purposes as actions taken at a duly convened meeting of the Board of Directors, and direct that this Action By Written Consent be delivered to the Company to be filed with the minutes of proceedings of the Board of Directors. This Action By Written Consent may be executed in a number of identical counterparts, each of which, for all purposes, will be deemed an original, and all of which collectively will constitute one document; and a facsimile, electronic submission (PDF format) or photocopy of an executed counterpart of this Action By Written Consent shall be sufficient execution by the person or persons whose signatures appear thereon:

RESOLVED, that in the judgment of the Board of Directors it is desirable and in the best interests of the Company that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby; and it is further

RESOLVED, that the officers of the Company, or any one of them (collectively, the "Officers"), be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court in such form and at such time as the Officer executing said petition on behalf of the Company shall determine; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals, and to take any and all action which they deem necessary and

proper in connection with the chapter 11 case, including any and all action necessary or proper in connection with obtaining cash collateral usage authorization and/or debtor-in-possession financing, with a view to the successful prosecution of such case; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be executed, verified and/or filed (or direct others to do so on their behalf as provided herein) on the same day on which the aforementioned Chapter 11 petition is filed in the name of the Company (or as soon thereafter as the Officers may deem appropriate), a joint plan of reorganization setting forth the proposed treatment of the Company's stakeholders in the manner described to the Board of Directors, including, pursuant to the plan of reorganization and subject to its approval and effectiveness, the cancellation of existing common stock, the creation of new securities of the Company on terms described to the Board of Directors to be issued to public noteholders in a refinancing of the noteholders' indebtedness, and the reinstatement and payment of all other claims in accordance with their existing terms; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, including in connection with debtor-in-possession financing, be and they hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

RESOLVED, that the Board of Directors has determined that the Company will receive substantial direct and indirect benefits by the borrowings and other financial accommodations under that certain Existing ABL Credit Agreement dated September 28, 2007 as amended by the Ratification and Amendment Agreement (the "Credit Agreement"), among Spectrum Brands, Inc., as a Debtor and Debtor in Possession and borrower, and Wachovia Bank, N.A., in its capacity as Administrative and Collateral Agent and the other parties thereto, in substantially the form provided or described to the Board of Directors (with such final terms and provisions as the Officer executing the Credit Agreement may approve), under which the borrower will borrow funds (the "Indebtedness") and the Company and the other guarantors will guarantee and grant security interests in and liens on all or substantially all of their assets in connection with such borrowings and guarantees; and it is further

RESOLVED, that the Company is hereby authorized to guarantee, pledge, mortgage, hypothecate, encumber and grant a lien on or security interest in, any and all of its property, now or hereafter acquired, to secure its obligations under the Loan Documents (as defined below), including, without limitation, under any security agreement, pledge agreement and one or more deeds of trust or mortgages; and it is further

2

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered on behalf of and in the name of the Company, as debtor and debtor-in-possession, to cause to be prepared, to negotiate, execute and deliver, and to perform its obligations under (i) the Credit Agreement including, without limitation the principal amount, rate of interest and maturity of promissory notes to be executed by the Company, if any and (ii) such other documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings as may be required by, contemplated by or in furtherance of the Credit Agreement, including but not limited to any fee letter, control agreement, guaranty, pledge agreement, security agreement, letter of credit application, certificate, mortgage, other security instrument or other document evidencing the obligations of the Company under the debtor-in-possession financing (all of the foregoing documents, collectively, the "Loan Documents"), each containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or appropriate by the Officer so acting, and any amendments, restatements, amendments and restatements, supplements or other modifications thereto, in each case with such changes therein and additions thereto (substantial or otherwise) as shall be deemed necessary, appropriate or advisable by any Officer executing the same on behalf of the Company, the execution and delivery thereof by such Officer to be conclusive evidence of such approval by them; and it is further

RESOLVED, that the Company, as a debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, be, and it hereby is, authorized to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Officer, including the grant of replacement liens, as is reasonably necessary for the continuing conduct of the affairs of the Company and certain of its subsidiaries; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to retain professionals to render services to the Company in connection with the chapter 11 case, including, without limitation, the firms Skadden, Arps, Slate, Meagher & Flom LLP, Vinson & Elkins LLP and the Law Offices of William B. Kingman, P.C., to act as chapter 11 counsel; Sutherland Asbill & Brennan LLP, to act as special counsel; Perella Weinberg Partners LP, to act as financial advisors; Deloitte Tax LLP, to act as tax consultant; KPMG, to act as auditor; and it is further

RESOLVED, that the Officers, or any one of them, be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to amend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings or other writings referred to in the foregoing resolutions; and it is further

3

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute, deliver, verify and/or file, or cause to be executed, delivered, verified and/or filed (or direct others to do so on its behalf as provided herein) all such further documents, agreements, instruments, financing statements, notices, undertakings, certificates and other writings, and to incur all such fees and expenses as in their judgment shall be necessary, appropriate or advisable in the good faith judgment of such Officer to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

RESOLVED, that the Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Company, to pay and direct the payment of all fees and expenses incurred in connection with the transactions contemplated by these resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company.

IN WITNESS WHEREOF, the undersigned being all of the members of the Board of Directors of the Company have executed this Action By Written Consent as of the date first written above.

*/s/ Kent J. Hussey*
Kent J. Hussey

*/s/ Anthony L. Genito*
Anthony L. Genito

*/s/ John A. Heil*
John A. Heil

IN WITNESS WHEREOF, I have affixed my signature as of February 2, 2009.

*/s/ John T. Wilson*
John T. Wilson
Secretary

4

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| In re: ) | Case No. 09-_____ (____) |
| ) | |
| SPECTRUM JUNGLE LABS ) | *Chapter 11* |
| CORPORATION, ) | |
| ) | Tax I.D. No. 26-4038384 |
| Debtor. ) | |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING 20 LARGEST UNSECURED CLAIMS**

    The debtor and its subsidiaries (collectively, the "Debtors") have filed a pre-negotiated plan of reorganization, along with a proposed disclosure statement. The plan proposes a refinancing of the Debtors' unsecured public notes, which results in "impaired" treatment of the unsecured claims of the noteholders. All other general unsecured claims are unimpaired under the plan and, if valid, will be paid in full pursuant to the plan or in some cases pursuant to certain "first day" motions. The Debtors are prepared to move forward as quickly as possible to obtain approval of the disclosure statement, solicit votes from the noteholders, and present the plan for confirmation by the Court.

    Given the impaired treatment of the noteholders under the Debtors' plan, the Debtors have limited this list of their largest unsecured claims to (i) the indenture trustees serving under the three note indentures, (ii) the noteholders who are known to the Debtors, and (iii) possible noteholders identified through the on-line services of Bloomberg Finance L.P.[1] Other noteholders may identify themselves following the filing.

    As so limited, the information contained in this list represents the Debtors' best estimate of the largest "impaired" unsecured claims that creditors may assert against them. The list does not include (1) insiders or (2) secured creditors. The information presented in this list shall not constitute an admission by, nor is it binding upon, the Debtors.

---

[1] The Debtors are unable to confirm the accuracy of the information obtained through Bloomberg Finance L.P. Information as to holders of public notes is difficult to obtain.

| (1)Name of creditor and complete mailing address, including zip code | (2)Name, email address, telephone number, fax number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3)Nature of claim (trade debt, bank loan, government contract, etc.) | (4)Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5)Amount of claim [if secured also state value of security] |
|---|---|---|---|---|
| U.S. Bank National Association<br>60 Livingston Avenue<br>EP-MN-WS3C<br>St. Paul, MN 55107-2292<br>Attention: Corporate Trust Department | Richard Prokosch<br>Telephone: 651-495-3918<br>Facsimile: 651-495-8097<br>Email: richard.prokosch@usbank.com | Indenture Trustee for 7-⅜ % Senior Subordinated Notes due 2015 | N/A | $700 million in principal |
| U.S. Bank National Association<br>60 Livingston Avenue<br>EP-MN-WS3C<br>St. Paul, MN 55107-2292<br>Attention: Corporate Trust Department | Richard Prokosch<br>Telephone: 651-495-3918<br>Facsimile: 651-495-8097<br>Email: richard.prokosch@usbank.com | Indenture Trustee for Variable Rate Toggle Senior Subordinated Notes due 2013 | N/A | $347 million in principal |
| U.S. Bank National Association<br>60 Livingston Avenue<br>EP-MN-WS3C<br>St. Paul, MN 55107-2292<br>Attention: Corporate Trust Department | Richard Prokosch<br>Telephone: 651-495-3918<br>Facsimile: 651-495-8097<br>Email: richard.prokosch@usbank.com | Indenture Trustee for 8-½ % Senior Subordinated Notes due 2013 | N/A | $3 million in principal |
| Harbinger Capital Partners Master Fund I, Ltd.<br>555 Madison Avenue<br>16th Floor<br>New York, NY 10022 | David M. Maura<br>Telephone: 212-508-3703<br>Facsimile: 212-508-3721<br>Email: dmaura@harbingercap.net | Noteholder | N/A | Confidential |
| Harbinger Capital Partners Special Situations Fund, L.P.<br>555 Madison Avenue<br>16th Floor<br>New York, NY 10022 | David M. Maura<br>Telephone: 212-508-3703<br>Facsimile: 212-508-3721<br>Email: dmaura@harbingercap.net | Noteholder | N/A | Confidential |
| D.E. Shaw Laminar Portfolios, L.L.C.<br>120 West Forty-Fifth Street<br>39th Floor<br>New York, NY 10036<br>Attention: General Counsel | Dr. David E. Shaw<br>Telephone: 212-478-0000<br>Facsimile: 212-478-0100<br>Email: Legal-Admin@deshaw.com | Noteholder | N/A | Confidential |

| *(1)Name of creditor and complete mailing address, including zip code* | *(2)Name, email address, telephone number, fax number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *(3)Nature of claim (trade debt, bank loan, government contract, etc.)* | *(4)Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *(5)Amount of claim [if secured also state value of security]* |
|---|---|---|---|---|
| Avenue Capital Management II, L.P.<br>535 Madison Avenue<br>14th Floor<br>New York, NY 10022 | Michael Elkins<br>Telephone:<br>212-878-3500<br>Facsimile:<br>212-878-3565<br>Email:<br>melkins@<br>avenuecapital.com | Noteholder | N/A | Confidential |
| Dune Capital Management<br>623 Fifth Avenue<br>New York, NY 10022 | Andrew B. Cohen<br>Telephone:<br>212-301-8308<br>Facsimile:<br>212-885-2473<br>Email:<br>andrew.cohen@<br>dunecapital.com | Noteholder | N/A | Confidential |
| Goldman Sachs High Yield Fund<br>c/o Goldman Sachs Asset Management<br>Goldman Sachs Funds<br>4900 Sears Tower<br>60th Floor<br>Chicago, IL 60606 | Andrew Jessop<br>Telephone:<br>800-621-2550<br>Email:<br>Andrew.Jessop@<br>gs.com | Noteholder | N/A | $17,250,000 aggregate:<br><br>$12,250,000 in 7-⅜ %<br><br>$5,000,000 in variable rate |
| Putnam High Yield Trust<br>c/o Putnam Investment Management<br>Putnam Investments<br>One Post Office Square<br>Suite 500<br>Boston, MA 02109 | Paul D. Scanlon<br>Telephone:<br>800-225-1581<br>617-292-1000<br>Facsimile:<br>617-292-8545 | Noteholder | N/A | $10,555,000 aggregate<br><br>$7,305,000 in 7-⅜ %<br><br>$3,250,000 in variable rate |
| JPM US High Yield Bond Mother Qualified Inst<br>c/o JP Morgan Investment Mgmt<br>J.P. Morgan Funds<br>522 Fifth Avenue<br>New York, NY 10036 | William J. Morgan<br>Telephone:<br>800-348-4782<br>212-837-2300 | Noteholder | N/A | $8,000,000 aggregate:<br><br>$7,000,000 in 7-⅜ %<br><br>$1,000,000 in variable rate |
| JP Morgan High Yield Bond Fund<br>c/o Banc One Investment Advisors<br>J.P. Morgan Funds<br>522 Fifth Avenue<br>New York, NY 10036 | William J. Morgan<br>Telephone:<br>800-348-4782<br>212-837-2300 | Noteholder | N/A | $7,975,000 aggregate:<br><br>$4,975,000 in 7-⅜ %<br><br>$3,000,000 in variable rate |

3

| *(1) Name of creditor and complete mailing address, including zip code* | *(2) Name, email address, telephone number, fax number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *(3) Nature of claim (trade debt, bank loan, government contract, etc.)* | *(4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *(5) Amount of claim [if secured also state value of security]* |
|---|---|---|---|---|
| Nomura US Hi Yield Corp Bond Mother Fund<br>c/o Nomura Corp. Research & Asset<br>Nomura Asset Management U.S.A. Inc.<br>2 World Financial Center<br>Building B, 22nd Floor<br>New York, NY 10281-1712 | Mark Meyer,<br>Managing Director<br>Telephone:<br>800-833-0018<br>212-667-9300<br>Facsimile:<br>212-667-1058 | Noteholder | N/A | $4,400,000 aggregate:<br><br>$2,975,000 in 7-3/8 %<br><br>$1,425,000 in variable rate |
| Putnam High Yield Advantage Fund<br>c/o Putnam Investment Management<br>Putnam Investments<br>One Post Office Square<br>Suite 500<br>Boston, MA 02109 | Paul D. Scanlon<br>Telephone:<br>800-225-1581<br>617-292-1000<br>Facsimile:<br>617-292-8545 | Noteholder | N/A | $3,860,000 aggregate:<br><br>$2,490,000 in 7-3/8 %<br><br>$1,370,000 in variable rate |
| Putnam VT High Yield Trust<br>c/o Putnam Investment Management<br>Putnam Investments<br>One Post Office Square<br>Suite 500<br>Boston, MA 02109 | Paul D. Scanlon<br>Telephone:<br>800-225-1581<br>617-292-1000<br>Facsimile:<br>617-292-8545 | Noteholder | N/A | $2,865,000 aggregate:<br><br>$1,850,000 in 7-3/8 %<br><br>$1,015,000 in variable rate |
| SEI Inst Investment Trust High Yield Bond<br>c/o SEI Investments Fund Management<br>SEI Investments<br>One Freedom Valley Dr.<br>Oaks, PA 19456 | Thomas Hauser<br>Telephone:<br>800-342-5734<br>610-676-1000<br>Facsimile:<br>610-676-1105 | Noteholder | N/A | $1,960,000 in 7-3/8 % |
| Pacholder High Yield Fund Inc.<br>c/o Pacholders Associates<br>Pacholder High Yield Fund, Inc.<br>8044 Montgomery Road<br>Cincinnati, OH 45236 | William J. Morgan<br>Telephone:<br>513-985-3200<br>Facsimile:<br>513-985-3217 | Noteholder | N/A | $1,800,000 aggregate:<br><br>$1,075,000 in 7-3/8 %<br><br>$725,000 in variable rate |
| SEI Institutional High Yield Bond Portfolio<br>c/o SEI Investments Fund Management<br>SEI Investments<br>One Freedom Valley Dr.<br>Oaks, PA 19456 | Robert Levine<br>Telephone:<br>800-342-5734<br>610-676-1000<br>Facsimile:<br>610-676-1105 | Noteholder | N/A | $1,733,000 in 7-3/8 % |
| Principal Investors Fund Inc – High Yield Fund<br>c/o Principal Management Corp<br>The Principal Financial Group<br>711 High Street<br>Des Moines, IA 50392-0200 | Gary Pokrzywinski<br>Telephone:<br>800-247-4123<br>515-283-9330<br>Facsimile:<br>515-698-5130 | Noteholder | N/A | $1,700,000 aggregate:<br><br>$1,000,000 in 7-3/8 %<br><br>$700,000 in variable rate |

| *(1)Name of creditor and complete mailing address, including zip code* | *(2)Name, email address, telephone number, fax number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *(3)Nature of claim (trade debt, bank loan, government contract, etc.)* | *(4)Indicate if claim is contingent, unliquidated, disputed or subject to setoff* | *(5)Amount of claim [if secured also state value of security]* |
|---|---|---|---|---|
| Putnam Global High Yield Bond Fund<br>c/o Putnam Advisory Company Inc<br>Putnam Investments Limited<br>JPMorgan House<br>IFSC<br>Dublin 1, Ireland | Paul D. Scanlon<br>Telephone:<br>353-1-637-6837<br>617-292-0100<br>Facsimile:<br>617-292-8545 | Noteholder | N/A | $1,345,000 aggregate:<br><br>$1,120,000 in 7-⅜ %<br><br>$225,000 in variable rate |
| Top Managers Funds – Global High Yield Fund<br>c/o Mediolanum International Funds<br>Mediolanum International Funds Ltd.<br>Alexandra House<br>Sweepstakes, Ballsbridge<br>Dublin 4, Ireland | Telephone:<br>01-2310800<br>Facsimile:<br>01-2310805 | Noteholder | N/A | $1,125,000 aggregate:<br><br>$750,000 in 7-⅜ %<br><br>$375,000 in variable rate |
| Alliance High Yield Open<br>c/o Alliance Bernstein Japan Ltd<br>Otemachi First Square East Tower 17F<br>1-5-1 Otemachi<br>Chiyoda-ku, Tokyo, 100-0004, Japan | Telephone:<br>81-3-3240-8500<br>Facsimile:<br>352-470-580 | Noteholder | N/A | $805,000 in 7-⅜ % |
| JPMorgan Fleming Fund ICVC –<br>UK Corporate Bond Fund<br>c/o JPMorgan Asset Management UK<br>JPMorgan Asset Management<br>10 Aldermanbury<br>London GB | Robert Cook<br>Telephone:<br>44-080-072-7770<br>44-795-895-8348 | Noteholder | N/A | $705,000 in 7-⅜ % |
| Factory Mutual Insurance Company<br>c/o Factory Mutual Insurance Company<br>1301 Atwood Avenue<br>Johnston, RI 02919-0750 | Jeffrey Black<br>Telephone:<br>401-275-3000-1559<br>Facsimile:<br>401-275-3029 | Noteholder | N/A | $500,000 aggregate<br><br>$250,000 in 7-⅜ %<br><br>$250,000 in variable rate |
| JP Morgan Core Plus Bond Fund<br>c/o Banc One Investment Advisors<br>J.P. Morgan Funds<br>522 Fifth Avenue<br>New York, NY 10036 | Gary Madich<br>Telephone:<br>800-348-4782 | Noteholder | N/A | $500,000 in variable rate |
| JPM US High Yield Corporate Bond Mother Fund<br>c/o JP Morgan Asset Mgmt Jpn<br>J.P. Morgan Asset Management<br>Tokyo Building 28 F<br>2-7-3 Marunouchi<br>Chiyoda-ku, Tokyo, 100-6432, Japan | Telephone:<br>81-3-6736-2000 | Noteholder | N/A | $400,000 in 7-⅜ % |

## DECLARATION UNDER PENALTY OF PERJURY

   I, the undersigned officer of the debtor in the above-captioned case, declare under penalty of perjury that I have reviewed the foregoing consolidated list and that the information contained therein is true and correct, as of the date referred to therein, to the best of my knowledge, information and belief, except as set forth in footnote 1 above.

Dated: February 3, 2009

              */s/ Anthony L. Genito*
              Anthony L. Genito
              Vice President

6

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| In re: ) | Case No. 09-_____ (____) |
| ) | |
| SPECTRUM JUNGLE LABS ) | *Chapter 11* |
| CORPORATION, ) | |
| ) | Tax I.D. No. 26-4038384 |
| Debtor. ) | |

**CONSOLIDATED LIST OF CREDITORS**

  A list of the debtor's creditors in accordance with Fed. R. Bankr. P. 1007(a)(1) has been separately transmitted to the Clerk of the Court.

  The list has been prepared on a consolidated basis from the books and records of the debtor and certain of its subsidiaries and affiliates that also commenced chapter 11 cases in this court (the "Debtors"). The list contains only those creditors whose names and addresses were maintained in the Debtors' databases or were otherwise readily ascertainable by the Debtors prior to the commencement of this case.

  Certain of the creditors listed may not hold outstanding claims against any of the Debtors as of the commencement date and, therefore, may not be creditors for purposes of this case. By submitting the list, the Debtors in no way waive or prejudice their rights to dispute the extent, validity or enforceability of the claims, if any, held by parties identified therein.

  The information presented in the list shall not constitute an admission by, nor is it binding upon, the debtor.

2

**DECLARATION UNDER PENALTY OF PERJURY**

       I, the undersigned officer of the debtor in the above-captioned case, declare under penalty of perjury that I have reviewed the consolidated list and that the information contained therein is true and correct, as of the date referred to therein, to the best of my knowledge, information and belief.

Dated: February 3, 2009

                                      */s/ Anthony L. Genito*
                                      Anthony L. Genito
                                      Vice President

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| In re: ) | Case No. 09-_____ (____) |
| ) | |
| SPECTRUM JUNGLE LABS ) | *Chapter 11* |
| CORPORATION, ) | |
| ) | Tax I.D. No. 26-4038384 |
| Debtor. ) | |

## STATEMENT OF CORPORATE OWNERSHIP

Following is the list of entities which own ten percent or more of the debtor's ownership interests. The list is prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

| Holder | Kind | Percentage of ownership |
|---|---|---|
| United Pet Group, Inc.<br>7794 Five Mile Road<br>Suite 190<br>Cincinnati, OH 45230 | Common | 100% |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned officer of the debtor in the above-captioned case, declare under penalty of perjury that I have read the foregoing statement and it is true and correct to the best of my knowledge, information and belief.

Dated: February 3, 2009

*/s/ Anthony L. Genito*
Anthony L. Genito
Vice President