**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 09-50455 (RBK) |
| SPECTRUM JUNGLE LABS ) | |
| CORPORATION, et al., ) | *Chapter 11* |
| ) | |
| Debtors.[1] ) | Jointly Administered |
| ) | |

**ORDER UNDER 11 U.S.C. §§ 105, 363, AND 365 AND
FED. R. BANKR. P. 6004 AND 6006 FOR ORDER APPROVING
TRANSACTIONS WITH HOPE AGRI PRODUCTS, INC., INCLUDING
(I) SALE OF CERTAIN REAL AND PERSONAL PROPERTY,
(II) ASSUMPTION AND ASSIGNMENT OF RELATED REAL PROPERTY LEASE,
AND (III) ASSUMPTION OF TRANSITION AGREEMENT, AS MODIFIED**

Upon the motion (the "Motion")[2] of the Debtors for an order, under Bankruptcy

Code Sections 105, 363(b), 363(f), 363(m), 365(a), 365(b)(1) and 365(f)(2) and Bankruptcy

---

[1] In addition to Spectrum Jungle Labs Corporation, the following entities are debtors in these related cases: Spectrum Brands, Inc., ROVCAL, Inc., ROV Holding, Inc., Tetra Holding (US), Inc., United Industries Corporation, Schultz Company, Spectrum Neptune US Holdco Corporation, United Pet Group, Inc., DB Online, LLC, Aquaria, Inc., Perfecto Manufacturing, Inc., Aquarium Systems, Inc. and Southern California Foam, Inc.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Rules 6004 and 6006 authorizing the Debtors to (a) sell to Hope Agri certain real and personal property located at the Livingston Plant, (b) assume and assign a certain nonresidential real property lease to Hope Agri with respect to the premises adjacent to the Livingston Plant, and (c) assume, on modified terms, the Transition Agreement; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to Bankruptcy Code section 363(b), the Debtors are authorized to sell the Assets, free and clear of all claims, liens, interests or other encumbrances, substantially in accordance with the terms set forth in the Agreement attached as <u>Exhibit B</u> to the Motion and to complete all transactions contemplated by such Agreement.

3. Pursuant to Bankruptcy Code section 363(f), the Assets shall be sold and such sale shall constitute a legal, valid and effective transfer that shall vest the purchaser with all right, title and interests of the Debtors in the Assets free and clear of all (a) mortgages, security interests, conditional sale or other title retention agreement, pledges, liens, judgments, demands, encumbrances, restrictions, rights of first refusal or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (collectively, "Interests") and (b) all debts arising in any way in connection with any acts or failures to act, of the Debtors or the Debtors' predecessors or affiliates, claims (as that term is defined in the Bankruptcy Code), obligations,

demands, guarantees, options, rights, contractual commitments, restrictions, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these cases, and whether imposed by agreement, understanding, law, equity or otherwise (collectively, "Claims"), with all such Interests and Claims to attach to the net proceeds of the sale of the Assets in the order of their priority, with the same validity, force and effect which they now have as against the Assets, subject to any claims and defenses the Debtors may possess with respect thereto.

4. The assertion or prosecution of any Interests and Claims against the designated purchaser of the Assets, its affiliates or any agent of the foregoing or against the ownership, use and operations of the Assets is hereby permanently enjoined.

5. The purchaser is a good faith purchaser entitled to the protection of Bankruptcy Code section 363(m) in the event that this Order is reversed or modified on appeal.

6. The Debtors and the purchaser and their respective officers, employees, and agents are hereby authorized to execute such documents and do such acts as are necessary or desirable to carry out the transaction contemplated by this Order.

7. Pursuant to Bankruptcy Code section 365, the Debtors' assumption and assignment of the Swilley Lease to Hope Agri on the terms of the Agreement is hereby approved, the requirements of Bankruptcy Code sections 365(b)(1) and 365(f) with respect thereto are hereby deemed satisfied, and the Debtors are hereby authorized to assume and assign the Lease to Hope Agri.

8. The assumption and assignment of the Lease shall be deemed to have occurred as of July 1, 2009.

9. To the extent that the Debtors are in default under the Lease, the Debtors shall be responsible for curing any default.

10. The Lease shall be transferred to, and remain in full force and effect for the benefit of, and be enforceable by Hope Agri in accordance with its terms, notwithstanding any provision in the Lease that prohibits, restricts, or conditions such assignment or transfer.

11. Hope Agri shall assume all rights and obligations of the Debtors under the Lease, subject to and in accordance with the terms and conditions set forth in this Order.

12. Any extension or renewal option in the Lease that purports to be personal only to the Debtors shall be deemed to be an unenforceable restriction on assignment and shall be freely exercised by Hope Agri to its full extent.

13. Pursuant to Bankruptcy Code section 365(k), the Debtors shall be relieved from any further liability with respect to the Lease after the July 1, 2009 closing date of the assumption and assignment of the Lease to Hope Agri.

14. The failure of the Debtors and/or Hope Agri to enforce at any time one or more terms or conditions of the Lease shall not be a waiver of such terms or conditions, or of the rights of the Debtors and/or Hope Agri to enforce each and every term and condition of such Lease.

15. Each non-Debtor party to the Lease hereby is forever barred, estopped, and permanently enjoined from asserting against Hope Agri or its property any claim asserted or assertable against the Debtors, including any claim for default or breach under the Lease, any claim of lack of consent or any other condition to assignment thereof, or any counterclaims, defense, setoff, right of recoupment, or any other claim, arising under or related to the Lease, or arising by reason of the sale, except to the extent provided for in the Agreement.

16. The Debtors are hereby authorized to assume the Transition Agreement, as modified to remove the Severance Provision. The assumption of the Transition Agreement, as modified to remove the Severance Provision shall be deemed to have occurred as of July 1, 2009.

17. Notwithstanding Bankruptcy Rule 6004(h) or 6006(d) or any other applicable Rule of the Federal Rules of Bankruptcy Procedure, this Order shall take effect immediately upon approval.

18. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

###

**Submitted by:**

William B. Kingman (Texas Bar No. 11476200)
LAW OFFICES OF WILLIAM B. KINGMAN, P.C.
4040 Broadway, Suite 450
San Antonio, Texas 78209
Telephone: 210-829-1199
Email: bkingman@kingmanlaw.com

Harry A. Perrin (Texas Bar No. 15796800)
D. Bobbitt Noel, Jr. (Texas Bar No. 15056500)
VINSON & ELKINS LLP
First City Tower, 1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: 713-758-2222; Fax: 713-615-5016
Email: hperrin@velaw.com, bnoel@velaw.com

D. J. Baker (Texas Bar No. 01566500)
Adam S. Ravin
Raquelle L. Kaye
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
Telephone: 212-735-3000; Fax: 212-735-2000
Email: dj.baker@skadden.com, adam.ravin@skadden.com,
raquelle.kaye@skadden.com

Counsel for Debtors and Debtors in Possession